UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PHYSICIANS GROUP LABORATORIES, LLC, and PCLTX, LLC <br><br> VERSUS <br><br> AIMA BUSINESS AND MEDICAL SUPPORT LLC | CIVIL ACTION NO.: 25-1725 <br><br> SECTION \_\_\_\_ <br><br> JUDGE: _____ <br><br> MAGISTRATE: _____ |

## COMPLAINT FOR DECLARATORY RELIEF

Physicians Group Laboratories, LLC and PCLTX, LLC ("Plaintiffs") bring this Complaint for Declaratory Judgment against Defendant, AIMA Business and Medical Support, LLC ("Defendant"), and respectfully allege as follows:

### INTRODUCTION

1. This case involves a document titled Medical Billing Services Agreement dated April 15, 2025 ("Proposed Agreement"), attached hereto as Exhibit A. Plaintiffs incorporate Exhibit A by reference as if fully set forth herein, and the contents of Exhibit A form part of the allegations of this Complaint. Plaintiffs seek a declaration from this Court that the Proposed Agreement is, and at all times was, void ab initio and of no force or effect.

### PARTIES

2. Physicians Group Laboratories, LLC ("PGL") is a limited liability company organized and existing under the laws of Louisiana with its principal place of business in Houma, Louisiana.

3. PCLTX, LLC is a limited liability company organized and existing under the laws of Texas with its principal place of business in Houston, Texas.

4.      AIMA Business and Medical Support, LLC is a limited liability company organized and existing under the laws of Florida with its principal place of business in Sarasota, Florida.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because Plaintiffs and Defendant are citizens of different states and because the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiffs maintain that the Proposed Agreement is null and void and that they do not owe Defendant any obligations arising from the Proposed Agreement. Conversely, upon information and belief, Defendant's position is that the Proposed Agreement obligates Plaintiffs to pay to Defendant the sum of $42,500 per month for multiple months – exceeding $75,000, exclusive of interest and costs.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) which provides that a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." Plaintiffs' claim seeks a declaration regarding the validity of the Proposed Agreement. When Plaintiffs' representative negotiated with Defendant regarding the Proposed Agreement, Plaintiffs' representative was located in this judicial district. When Plaintiffs' representative revoked Plaintiffs' consent to the Proposed Agreement, Plaintiffs' representative was located in this judicial district. The Proposed Agreement relates to billing services to be provided for Plaintiffs' laboratories, including in this judicial district at PGL's Houma, LA laboratory. Defendant did indeed provide billing services to PGL's Houma, LA laboratory (not pursuant to the Proposed Agreement which was at all times void ab initio, but as part of an at-will relationship). Thus, a substantial part of the events relating to the validity of the Proposed Agreement occurred in this judicial district, making venue proper in this Court.

## FACTUAL BACKGROUND

7. On April 10, 2025, Defendant submitted the Proposed Agreement to Plaintiffs.

8. The Proposed Agreement called for Defendant to serve as a billing vendor for Plaintiffs.

9. The Proposed Agreement included a "Base Fee" of $42,500 per month.

10. The Proposed Agreement called for a 12-month term, albeit with opportunities for Plaintiffs to terminate the Proposed Agreement early under various circumstances.

11. The Proposed Agreement included a liquidated damages provision, calling for Plaintiffs to pay to Defendant two times the Base Fee (i.e., $85,000) in the event Plaintiffs breached certain obligations to Defendant.

12. At Section 12.1, the Proposed Agreement provided that: "This Agreement constitutes the sole and entire agreement of the Parties with respect to the subject matter contained herein, and supersedes all prior and contemporaneous understandings, agreements, representations and warranties, both written and oral, regarding such subject matter. No amendment to or modification of this Agreement is effective unless it is in writing and signed by each Party."

13. At Section 12.12, and under the heading, "Validity," the Proposed Agreement provided: "BOTH PARTIES ACKNOWLEDGE AND AGREE THAT THIS AGREEMENT IS VOID AB INITIO AND OF NO FORCE OR EFFECT UNLESS AND UNTIL: (A) IT IS SIGNED BY TWO AUTHORIZED SIGNATORIES OF BILLING CENTER AND (B) CLIENT HAS FULLY EXECUTED THE DIRECT WITHDRAWAL AUTHORIZATION FORM ATTACHED HERETO AS EXHIBIT C."

14. On April 11, 2025 at 8:22 a.m., Michelle Moore signed the Proposed Agreement via DocuSign on behalf of Plaintiffs.

15. On April 11, 2025 at 12:57 p.m., Patrick Richmond signed the Proposed Agreement via DocuSign on behalf of Defendant.

16. Upon information and belief, as of this filing, no other representative of Defendant has ever signed the Proposed Agreement, making it void ab initio and of no force or effect under Section 12.12 of the Proposed Agreement.

17. At various times from April 2025 through August 2025, Defendant provided billing services to Plaintiffs and invoiced Plaintiffs for these services.

18. On multiple occasions, Plaintiffs notified Defendant that its performance was unsatisfactory, and the parties occasionally negotiated discounts and related benefits to account for Plaintiffs' dissatisfaction. These negotiations occurred verbally and over e-mail communication, and did not involve any attempt to amend the Proposed Agreement.

19. On August 22, 2025, after repeated instances of Defendant providing unsatisfactory performance, Plaintiffs submitted a letter to Defendant terminating its relationship with Defendant and demanding that Defendant cease all billing activities on behalf of Plaintiffs ("Termination Letter"). The Termination Letter is attached hereto as Exhibit B. Plaintiffs incorporate Exhibit B by reference as if fully set forth herein, and the contents of Exhibit B form part of the allegations of this Complaint.

20. In the Termination Letter, Plaintiffs formally withdrew their consent to the Proposed Agreement, which had never become effective by its own terms.

21. Plaintiffs' position is that Defendant is entitled to, at most, payment for work actually performed pursuant to the parties' at-will arrangement.

22. Upon information and belief, Defendant's position is that the Proposed Agreement obligates Plaintiffs to pay Defendant for work previously performed, plus an additional $42,500

per month for multiple months, which Plaintiffs reject as contrary to the Proposed Agreement's plain terms.

## COUNT ONE: DECLARATORY RELIEF

23. Plaintiffs repeat and re-allege each and every allegation set forth in the above paragraphs of this Complaint for Declaratory Relief.

24. In accordance with Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, Plaintiffs seek a declaratory judgment declaring that the Proposed Agreement is, and at all times was, void ab initio and of no force or effect.

## PRAYER

WHEREFORE, Plaintiffs, Physicians Group Laboratories, LLC and PCLTX, LLC, respectfully request that this Court enter a final judgment as follows:

1. declaring that the Proposed Agreement is, and at all times was, void ab initio and of no force or effect;

2. awarding all other legal and equitable relief to Plaintiffs as this Court deems appropriate under the circumstances.

Respectfully submitted,

LISKOW & LEWIS, APLC

By:   /s/ Michael C. Mims
      Michael C. Mims (#33991)
      Brady M. Hadden (#37708)
      Alec Andrade (#38659)
      701 Poydras Street, Suite 5000
      New Orleans, LA 70139
      Telephone: (504) 581-7979
      Telefax: (504) 556-4108
      E-mail: mmims@liskow.com

**Counsel for Plaintiffs Physicians Group Laboratories, LLC and PCLTX, LLC**