UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PHYSICIANS GROUP LABORATORIES, LLC, AND PCLTX, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-1725** |
| **AIMA BUSINESS AND MEDICAL SUPPORT, LLC** | **SECTION: "G"(5)** |

# ORDER

In this litigation, Plaintiffs Physician Group Laboratories, LLC and PCLTX, LLC (collectively, "Plaintiffs") seek a declaratory judgment finding that they are not bound by a "Proposed Agreement" with Defendant AIMA Business and Medical Support, LLC ("Defendant").[1] Plaintiffs filed this action in federal court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.[2] Upon reviewing the Complaint, it has come to the Court's attention that the basis for this Court's subject matter jurisdiction must be clarified. Although no party has raised the issue, "[f]ederal courts are duty-bound to examine the basis of subject matter jurisdiction *sua sponte*."[3]

It has come to the Court's attention that the Court may not have subject matter jurisdiction because it does not appear that diverse citizenship exists. The diversity statute, 28 U.S.C. section 1332, is satisfied upon a showing of (1) diversity between the parties; and (2) an amount in controversy in excess of $75,000, exclusive of interest and costs.[4] Diversity, as prescribed by

---

[1] Rec. Doc. 1 at 2.

[2] *Id.*

[3] *Union Planters Bank Nat. Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004).

[4] 28 U.S.C. § 1332.

1

Section 1332, requires that "all persons on one side of the controversy be citizens of different states than all persons on the other side."[5] Where "jurisdiction depends on citizenship, citizenship must be *distinctly* and *affirmatively* alleged."[6] The burden of proving diversity jurisdiction "rests upon the party who seeks to invoke the court's diversity jurisdiction."[7]

In the Complaint, Plaintiffs allege that Plaintiff Physicians Group Laboratories, LLC is a Louisiana limited liability company organized with its principal place of business in Louisiana.[8] Plaintiffs allege that Plaintiff PCLTX, LLC is a Texas limited liability company with its principal place of business in Texas.[9] Plaintiffs assert that Defendant is a Florida limited liability company with its principal place of business in Florida.[10] Though the state of incorporation and principal place of business are sufficient jurisdictional facts to establish a corporation's citizenship, Plaintiffs and Defendant are unincorporated LLCs. The Fifth Circuit has held that the citizenship of an LLC "is determined by the citizenship of all its members."[11] Thus, the citizenship of the parties is not clear from the pleadings, and the existence of federal jurisdiction is in question.

Because Plaintiffs do not establish that Defendant is completely diverse from Plaintiffs, the Court cannot determine whether it has diversity jurisdiction over this case. Accordingly, the Court requires further briefing to determine the citizenship of the parties.

---

[5] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (internal quotation marks omitted).

[6] *Getty Oil Corp., a Div. of Texaco Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988).

[7] *Id.*

[8] Rec. Doc. 1 at 1.

[9] *Id.*

[10] *Id.* at 2.

[11] *Harvey*, 542 F.3d at 1079-80.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs submit briefing regarding the citizenship of Plaintiffs and Defendant to the Court within fourteen days of this Order.

**IT IS FURTHER ORDERED** that if Plaintiffs fail to submit the requested jurisdictional briefing, or if after the briefing it is evident that there is not complete diversity among the parties, the Court will dismiss the action for lack of jurisdiction.

**NEW ORLEANS, LOUISIANA**, this __25th__ day of August, 2025.

                                         **NANNETTE JOLIVETTE BROWN**
                                         **UNITED STATES DISTRICT JUDGE**