UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PHYSICIANS GROUP LABORATORIES, LLC, and PCLTX, LLC | CIVIL ACTION NO.: 2:25-cv-01725 |
| | SECTION G |
| VERSUS | JUDGE: BROWN |
| AIMA BUSINESS AND MEDICAL SUPPORT LLC | MAGISTRATE: NORTH |

**<u>MEMORANDUM ON CITIZENSHIP OF THE PARTIES</u>**

Pursuant to the Court's order dated August 25, 2025 (ECF Doc. #5), Defendants Physicians Group Laboratories, LLC ("PGL") and PCLTX, LLC ("PCLTX") submit this memorandum regarding the citizenship of the parties.

Plaintiffs PGL and PCLTX are citizens of a single state – Louisiana. Andrew Yeates is the sole member of PGL. Mr. Yeates is also the sole member of PCLTX. Mr. Yeates is a citizen of Louisiana, the state in which he is domiciled. *See* Corporate Disclosure Statement, ECF Doc. #6.

Defendant AIMA Business and Medical Support, LLC ("AIMA") is not a citizen of Louisiana. On September 4, 2025, undersigned counsel corresponded with Lauren Mehta, counsel for AIMA, who stated: "per a recent conversation with my client, no member of AIMA is a citizen of Louisiana." *See* Exhibit A-1.

As for the specific states in which AIMA is a citizen, AIMA has not yet disclosed such information to undersigned counsel, but it is required to disclose such information to the Court under Rule 7.1 of the Federal Rules of Civil Procedure. Following a 2022 amendment, Rule 7.1 now requires litigants in diversity cases to file a statement which "must name—and identify the

citizenship of—every individual or entity whose citizenship is attributed to that party." Rule 7.1(a)(2). AIMA is required to file this statement at the time of its first appearance. Rule 7.1(b)(1).

The 2022 amendment to Rule 7.1 was intended to resolve the exact issue presented here, where a party suing an LLC "may not have all the information it needs to plead the LLC's citizenship [because identification of a LLC's members is typically not publicly available]." Rule 7.1, Advisory Committee Notes to 2022 Amendment. In such circumstances, "Pleading on information and belief is acceptable at the pleading stage, but disclosure is necessary both to ensure that diversity jurisdiction exists and to protect against the waste that may occur upon belated discovery of a diversity- destroying citizenship." *Id.*

For these reasons, the Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because Plaintiffs and Defendant are citizens of different states and because the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* Complaint, ECF Doc #1, at para. 5. To the extent the Court is not satisfied that complete diversity exists, Plaintiffs respectfully submit that the Court should await AIMA's forthcoming Rule 7.1 disclosures before ruling on this issue, consistent with the 2022 amendment to Rule 7.1

Respectfully submitted,

LISKOW & LEWIS, APLC

By:   /s/ Michael C. Mims
Michael C. Mims (#33991)
Brady M. Hadden (#37708)
Alec Andrade (#38659)
701 Poydras Street, Suite 5000
New Orleans, LA 70139
Telephone: (504) 581-7979
Telefax: (504) 556-4108
E-mail: mmims@liskow.com
**Counsel for Plaintiffs Physicians Group Laboratories, LLC and PCLTX, LLC**

2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing has been forwarded to all counsel of record via the Court's electronic case management system on September 4, 2025.

*/s/ Michael C. Mims*